SEYFARTH SHAW LLP
Amanda Lyn Genovese
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5621
Facsimile: (212) 218-5526
*Attorneys for Defendant UNITEDHEALTHCARE, INC.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OASIS MEDICAL AND SURGICAL WELLNESS on assignment of FRANCESCO S., <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE, INC., <br><br> Defendant. | CIVIL ACTION NO._____ <br><br> **NOTICE OF REMOVAL** <br><br> *Document Electronically Filed* |

**PLEASE TAKE NOTICE** that without waiving any defenses, Defendant UNITEDHEALTHCARE, INC. ("United"), by and through its counsel, hereby removes this civil action, pending in the Superior Court of New Jersey, Bergen County, Index No. BER-L-006176-22 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. United alleges as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules of this District Court, and based on the allegations in the operative pleading, Plaintiff OASIS MEDICAL AND SURGICAL WELLNESS ("Plaintiff") is a provider in Glen Rock, New Jersey. (*See* Compl. ¶ 1.) Plaintiff alleges that United "is engaged in significant activities in the State of New Jersey." (*Id*. ¶ 2.)

1

## I. REMOVAL OF THE STATE COURT ACTION TO THIS DISTRICT COURT IS PROCEDURALLY PROPER

2. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

3. Plaintiff instituted the State Court Action by filing the Complaint asserting state law claims on November 17, 2022 (the "Complaint"). A copy of the track assignment notice, Complaint, and other pleadings are attached hereto as Exhibit A.

4. After United filed a motion for an order dismissing Plaintiff's Complaint ("Motion to Dismiss"), on June 15, 2022, the parties conferred regarding the nature of the case and entered into a stipulation (the "Stipulation") representing that the lawsuit was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA"). The Stipulation provided notice to United that the case was removable under 28 U.S.C. § 1446(b)(3):

> [P]ertains to an ERISA-governed plan and is therefore governed by ERISA. As a result, the Parties consent to the removal of this Dispute to the United States District Court for the District of New Jersey, as federal courts have original jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331.

(A copy of the Stipulation is attached hereto as Exhibit B.) The Stipulation further provided:

> Because the Parties agree that this Dispute is governed by ERISA, making the case removable, the timing requirements under 28 U.S.C. § 1446(b) are triggered as of June 15, 2023, in accordance with 28 U.S.C. § 1446(b)(3).

> Based on the foregoing, on or before June 21, 2023, Defendant shall effectuate removal to the United States District Court for the District of New Jersey by filing a Notice of Removal, and filing a Notice of Filing Notice of Removal in this Court.

5. No other proceedings, except those referenced in paragraphs 3 and 4 above, have been held in the Superior Court of New Jersey, Bergen County. The documents attached hereto as Exhibit A thus constitute all process, pleadings and orders received by United concerning the

State Court Action. United expects Plaintiff to amend the Complaint, which will render its current motion to dismiss moot.

6. United, the only defendant, is represented by the undersigned and consents to the removal of the State Court Action to this District Court.

7. Because this Notice of Removal is filed within thirty (30) days of United receiving notice via Stipulation (on June 15, 2023) that this case is governed by ERISA, removal is timely in accordance with 28 U.S.C. § 1446(b)(3). (*See* Exhibit B (Stipulation ¶ 5).)

8. To be clear, by the Stipulation, Plaintiff consents to removal to this Court. (*See, generally,* Exhibit B.)

9. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this District Court because it is the District Court for the district and division embracing the place where the State Court Action is pending.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal—by a document titled "Notice of Filing Notice of Removal"—will be promptly filed with the Clerk of the Superior Court of New Jersey, Bergen County and served on Plaintiff's counsel of record. A copy, without exhibits, is attached hereto as Exhibit C.

II. **FEDERAL QUESTION JURISDICTION EXISTS**

11. As set forth in the Stipulation,

> Subsequent to the filing of the Motion to Dismiss, counsel for the Parties conferred and agreed the Dispute pertains to an ERISA-governed plan and is therefore governed by ERISA. As a result, the Parties consent to the removal of this Dispute to the United States District Court for the District of New Jersey, as federal courts have original jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331. See 28 U.S.C. § 1441(b) (courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

(*See* Exhibit B (Stipulation ¶ 4).)

12. Based on the Stipulation, it is clear that Plaintiff seeks to recover alleged medical benefits that are subject to ERISA and the doctrine of complete preemption confers jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes.") (internal quotations and citations omitted); *Pryzbowski v. U.S. Healthcare, Inc.,* 245 F.3d 266, 271-72 (3d Cir. 2001).

13. This District Court has original subject matter jurisdiction over this entire action under 28 U.S.C. § 1441(b) and (c), and removal of the entire action is proper even when removable claims are joined with non-removable claims.

14. The Complaint asserts four causes of action (i) the First Cause of Action is for "breach of contract"; (ii) the Second Cause of Action is for "unjust enrichment"; (iii) the Third Cause of Action is for "promissory estoppel"; and (iv) the Fourth Cause of Action is for "breach of the covenant of good faith and fair dealing. However, Plaintiff's claims against United concern an employer-sponsored health benefits plan governed by ERISA. *See* 29 U.S.C. § 1002(1)(A).

15. The Third Circuit has articulated the pertinent standard finding that putative state law claims are subject to "complete preemption" (and thus removable to federal court) if (i) the plaintiff could have brought its claims under ERISA; and (ii) the claims are not based on a duty independent of the plaintiff's claim for benefits. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 40 (3d Cir. 2004) ("*Pasack Valley*"). Here, Plaintiff seeks to challenge the administration of benefits under the patient's ERISA-governed

health benefits plan. And Plaintiff alleges that it is "proceeding on an Assignment of Benefits." (*See* Exhibit A (Compl. ¶ 19).)

16. To the extent that any claims and/or cause of actions are not governed by ERISA, this District Court has supplemental jurisdiction over any otherwise non-removable claims and/or causes of action and may determine all issues therein.

### III.   ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN MET

17. In addition to satisfying the requirements of federal question jurisdiction, United has satisfied all other requirements for removal.

18. As noted above, this Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because United's counsel has filed this Notice of Removal within thirty (30) days of Notice that this case is governed by ERISA (*see* Exhibit B (Stipulation)), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being electronically filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division, and simultaneously served upon all parties which have entered an appearance in the State Court Action.

19. United removes this action to this District Court without waiver of any defenses, procedural or substantive, that may be available. Removal of this case to the United States District Court for the District of New Jersey does not constitute a waiver by United of the right to seek dismissal of this action.

**WHEREFORE**, United prays this District Court will remove the State Court Action, in its entirety, and requests that further proceedings be conducted in this District Court as provided by law.

Dated:  New York, New York
        June 20, 2023            Respectfully submitted,

                                 SEYFARTH SHAW LLP

                                 By: */s/ Amanda Lyn Genovese*

                                 *Attorneys for Defendant UNITEDHEALTHCARE, INC.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION AND CERTIFICATE OF SERVICE

I, Amanda Lyn Genovese, hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding. On June 20, 2023, I caused the foregoing to (i) be filed with the Clerk of the Court by the Court's ECF system and (ii) served upon Plaintiff's counsel by sending a true and correct copy of the foregoing by email to:

Lori B. Shlionsky
lshlionsky@callagylaw.com
*Attorney for Plaintiff*

Dated:  New York, New York
        June 20, 2023            SEYFARTH SHAW LLP

                                 By: */s/ Amanda Lyn Genovese*
                                 Amanda Lyn Genovese

                                 *Attorneys for Defendant UNITEDHEALTHCARE, INC.*